UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS ANTHONY WILBON #162532,

    Plaintiff,　　　　　　　　　CIVIL ACTION NO. 10-14075

  v.　　　　　　　　　　　　　　DISTRICT JUDGE PATRICK J. DUGGAN

PRISON HEALTH SERVICES, INC.,　　MAGISTRATE JUDGE MARK A. RANDON
ZIVIT COHEN, M.D., VERNON
STEVENSON, M.D., LaTOYA
JACKSON, P.A., JEFFREY C.
STIEVE, M.D., HARRIET A.
SQUIER, M.D., HARESH B.
PANDYA, M.D., RICHARD
HALLWORTH, LISA REEVES,
M.D., and ROMESH KILARU, M.D.,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION (DKT. NO 18)**

**I. Background**

This is a civil action filed by Plaintiff, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment, and that Defendants conspired to interfere with his civil rights in violation of the Due Process Clause of the Fourteenth Amendment. Plaintiff also alleges torts of negligence, medical malpractice and failure to treat under state law. Defendants are Prison Health Services, the contracted medical provider for the Michigan Department of Corrections, and various doctors and physicians' assistants employed by Prison Health Services.

This matter comes before the Court on Plaintiff's *pro se* motion for a preliminary injunction, filed on February 24, 2011. (Dkt. No. 18) Defendants have filed a response. (Dkt. No. 22) In his motion, Plaintiff complains that "defendants and their agents/employees/co-conspirators are in agreement to harm plaintiff, interfere with his ability to effectively prosecute this action, vindicate his rights and remain safe from irreparable harm at the hands of defendants." Plaintiff claims that Defendants retaliated against him for filing grievances by transferring him to the infirmary with no access to the law library. Consequently, Plaintiff requests a preliminary injunction seeking the following relief: (1) treatment for his medical conditions - tachycardia and swollen lymph node; (2) preventing release of his private medical information; (3) preventing the defendants from barring his access to the law library and (4) restoring Plaintiff's assignment to the library. (Dkt. No. 18, pp. 2-3).

Defendants note in their response that Plaintiff has received medical attention for his tachycardia which is benign and non-life threatening. Plaintiff was prescribed medication and underwent cardiac catheterizations and echocardiograms in October, 2009, and again in November, 20l0. The tests showed no problems in the heart muscle or valves. Defendants claim that Plaintiff is non-complaint with his heart medication as well as his diabetes medication, which can cause an elevated heart rate. Defendants also note that Plaintiff has been treated with antibiotics for the swollen lymph node. In addition, Plaintiff was placed in the infirmary so that medical personnel can monitor Plaintiff and react to any changes in his condition. (Dkt. No. 22, pp. 5-7, Affidavit of Dr. Squier, Ex. 2, pp. 3-7) Finally, in regards to Plaintiff's claim that his medical information was disclosed to non-medical staff, Defendants state that MDOC supervises the nurses at correctional

facilities. Prison Health Services, which provides the healthcare providers to the MDOC facilities, does not employ, supervise or control the nurses in the performance of their duties. (Dkt. No. 22, p. 7)

For the reasons set forth below, **IT IS RECOMMENDED** that Plaintiff's motion for injunctive relief be **DENIED**.

## II. Standard For Preliminary Injunction.

"A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his burden of proving that the circumstances clearly demand it." *Overstreet v. Lexington-Fayette Urban County Gov't,* 305 F.3d 566, 573 (6th Cir. 2002). In deciding whether to grant or deny a preliminary injunction, the Court must balance four factors: (1) whether the plaintiff has shown a strong or substantial likelihood of success on the merits; (2) whether the plaintiff has shown irreparable injury; (3) whether the issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing a preliminary injunction. *Leary v. Daeschner,* 228 F.3d 729, 736 (6th Cir. 2000). The four factors are not prerequisites to be met, but must be balanced to determine whether preliminary injunctive relief is appropriate. *In re DeLorean Motor Co.,* 755 F.2d 1223, 1228 (6th Cir. 1992).

## III. Analysis

As to the first prong of the four-factor test, Plaintiff has not shown a strong likelihood of success on the merits. Plaintiff claims that Defendants have been deliberately indifferent to his medical needs by withholding proper medical treatment. Courts typically do not intervene in questions of medical judgment. *Youngberg v. Romeo*, 457 U. S. 307,

321 (1982). "Where a prisoner has received some medical attention and the dispute is over the adequacy of the treatment, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims which sound in state tort law." *Westlake v. Lucas*, 537, F.2d 857, 860 n. 5 (6th Cir. 1976).

Plaintiff's allegations do not rise to the level of "irreparable injury." Plaintiff has had two cardiac catheterizations and echocardiograms, both of which were normal. Plaintiff is receiving medication for his heart condition and was given antibiotics for his swollen lymph node which doctors determined was caused by a localized infection. Plaintiff was fitted with a Loop Recorder Implant to search for abnormal heart rhythms. No abnormal heart rhythms were detected. In addition, medical personnel at the prison have noted that Plaintiff is non-compliant with his heart medication, which causes him to experience episodes of tachycardia. Plaintiff is also non-compliant with his diabetic medications which can cause an elevated heart rate. Moreover, Defendants transferred Plaintiff to the infirmary so that he could receive close medical supervision. Apart from his conclusory allegations, Plaintiff has presented no evidence from which it can be inferred that defendants unlawfully retaliated against him for filing grievances by placing him in the infirmary, which has limited access to the law library.

Additionally, regarding plaintiff's claim that he is denied access to the library by being placed in the infirmary, MDOC Policy directive 05.03.110 (dated 11/1/10) states:

> Prisoners in the infirmary or in segregation who do not have direct access to the library shall be permitted to request circulating library materials be delivered to them. The requested items shall be delivered to the prisoner on the next day that service is provided to the unit after receipt of the request, unless the item has been loaned to another prisoner.

Therefore, Plaintiff does have access to library materials and has not suggested that his attempts to have materials delivered to him has been denied.

As to Plaintiff's claim that a nurse disclosed his private medical information to non-medical personnel, Plaintiff has not submitted any evidence that this information was inappropriately divulged. Non-medical personnel in a prison setting need to be informed of a prisoner's medical status for a variety of reasons, and Plaintiff has not shown that any alleged misconduct by Defendants rises to the level of a Constitutional violation.

Plaintiff has also failed to show an irreparable injury. He is being treated for his heart condition, his diabetes and the swollen lymph node in the infirmary. He is being closely monitored by medical personnel in the prison, in part, due to his own refusal to take his medications which aggravates his medical condition.

As to the fourth factor, prison officials enjoy wide discretion in the operation of state penal institutions. *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963, 41 L.Ed.2d 935 (1974). The public interest does not favor interfering with a prison's determination of how best to house its inmates. Defendants have determined that it is in Plaintiff's best medical interest to be housed in the infirmary. There is no public interest involved in Plaintiff's personal medical issues.

Accordingly, **IT IS RECOMMENDED** that Plaintiff's motion for a preliminary injunction be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file

specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: June 2, 2011

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 2, 2011.

*S/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*