UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS WILBON #162532,

    Plaintiff,               CIVIL ACTION NO. 10-14075

    v.                        DISTRICT JUDGE PATRICK J. DUGGAN

PRISON HEALTH SERVICES, INC.    MAGISTRATE JUDGE MARK A. RANDON
ZIVIT COHEN, M.D., VERNON
STEVENSON, M.D., LATOYA
JACKSON, P.A., JEFFREY C.
STIEVE, M.D., HARRIET A.
SQUIER, M.D., JOHN DOE and
JANE DOE,

    Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT**
**DEFENDANT STIEVE'S MOTION FOR SUMMARY JUDGMENT (DKT. NO. 25)**

This is a *pro se* prisoner civil rights case. Presently before the Court is Defendant Jeffrey C. Stieve, M.D.'s ('Defendant Stieve") motion for summary judgment (Dkt. No. 25). For the reasons set forth below, it is **RECOMMENDED** that Defendant Stieve's motion for summary judgment be **GRANTED**.

**I. BACKGROUND**

Plaintiff's Complaint (Dkt. No. 1) is filed under 42 U.S.C. § 1983 and § 1985 and claims conspiracy and violation of his civil rights. Defendant Stieve is the Chief Medical Officer for the MDOC. In brief, Plaintiff alleges that on January 11, 2010, while he was incarcerated at the Cotton Correctional Facility, he suffered an accelerated heart beat, which required medical attention, and that he was taken by ambulance to the Jackson

Hospital (Dkt. No. 1; Compl., pages 4a-b). Plaintiff alleges that doctors at the Jackson Hospital recommended a transfer to Sparrow Hospital in Lansing for treatment, but that Defendant Prison Health Services refused to transfer him (*Id.* page 4b). Plaintiff claims that while he was treated at Jackson Hospital, he continued to experience an accelerated heart rate between the dates of January 11, 2010 and January 22, 2010 (*Id.* page 4b). Plaintiff further claims that once he was discharged from the Jackson Hospital, that he was to meet with a cardiologist within 30 days. According to Plaintiff, he never met with the cardiologist and his medical problems continued (*Id.*) Plaintiff claims that he continued to suffer an accelerated heart beat in the months of April and May, 2010 and that he was denied proper medical care (*Id.*)

Plaintiff claims that Defendant Stieve and other medical staff conspired to deny him medical care (*Id.* page 4d). Plaintiff claims that the actions taken by Dr. Stieve and other doctors on staff for declining to authorize the appropriate treatment amounted to deliberate indifference to a known medical condition, which constitutes Cruel and Unusual Punishment. Plaintiff claims violations of his Eighth and Fourteenth Amendment Constitutional Rights (*Id.*)

## II. ANALYSIS

Plaintiff filed a timely response (Dkt. No. 29) to Defendant Stieve's motion for summary judgment, in which Plaintiff consents to summary judgment being granted in Defendant Stieve's favor. While Plaintiff's stated reason for acquiescing to Defendant Stieve's motion for summary judgment is a purported lack of access to a law library, Plaintiff has never recanted his response nor has Plaintiff supplemented his response with

a substantive opposition to Defendant Stieve's dispositive motion.  Moreover, Plaintiff has filed many motions and briefs since filing his response to Defendant Stieve's dispositive motion, indicating that Plaintiff does now have access to a law library, or at the very least has the ability to prosecute his case.

In any event, the undersigned finds that the argument presented in Defendant Stieve's motion stating that Defendant Stieve was not involved with the Plaintiff's treatment, diagnoses or care, that Defendant Steive was unaware of Plaintiff's medical situation and that Defendant Stieve did not review Plaintiff's medical records until this lawsuit was filed is well-taken.  This report and recommendation does not rule upon Defendant Stieve's other arguments, such as Plaintiff's failure to exhaust his administrative remedies or Plaintiff's failure to state a claim of deliberate indifference.  Plaintiff will have an opportunity to respond to any purported failure to exhaust his administrative remedies or failure to state a claim at a later date, if other Defendants raise these issues.

### III.  CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendant Stieve's motion for summary judgment (Dkt. No. 25) be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  The filing of objections

which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

s/Mark A. Randon
MARK A. RANDON
UNITED STATES MAGISTRATE JUDGE

Dated: October 27, 2011

*Certificate of Service*

*I hereby certify that a copy of the foregoing document was served on the parties of record on this date, October 27, 2011, by electronic and/or first class U.S. mail.*

s/Melody R. Miles
*Case Manager to Magistrate Judge Mark A. Randon*