UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS WILBON,

      Plaintiff,                       CIVIL ACTION NO. 10-14075

    v.                                DISTRICT JUDGE PATRICK J. DUGGAN

PRISON HEALTH SERVICES, INC.     MAGISTRATE JUDGE MARK A. RANDON
ZIVIT COHEN, M.D.,  VERNON
STEVENSON, M.D., LATOYA
JACKSON, P.A., JEFFREY C.
STIEVE, M.D., HARRIET A.
SQUIER, M.D., JOHN DOE and
JANE DOE,

      Defendants.
_____/

**REPORT AND RECOMMENDATION TO
GRANT DEFENDANTS' MOTION TO DISMISS (DKT. 66)**

**I. INTRODUCTION**

This is a civil action filed by Plaintiff, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983.  Plaintiff alleges that Defendants were deliberately indifferent to his medical needs in violation of the Eighth Amendment and conspired to interfere with his civil rights in violation of the Due Process Clause of the Fourteenth Amendment.  Plaintiff also alleges torts of negligence, medical malpractice and failure to treat under state law.  Defendants are Prison Health Services ("PHS"), the contracted medical provider for the Michigan Department of Corrections, and various doctors and physicians' assistants employed by PHS.

This matter is before the Court on Defendants PHS, Zivit Cohen, Harriet Squier, Vernon Stevenson and Latoya Jackson's (collectively "Defendants") motion to dismiss Plaintiff's

Complaint pursuant to Fed. R. Civ. P. 41 (Dkt. 66).

## II.  FACTS AND PROCEDURAL HISTORY

Plaintiff filed this case on October 12, 2010 (Dkt. 1).  Plaintiff alleges that on January 11, 2010, while he was incarcerated at the Cotton Correctional Facility, he suffered an accelerated heart beat, which required medical attention, and that he was taken by ambulance to Jackson Hospital (Dkt. No. 1; Compl., pages 4a-b).  Plaintiff alleges that doctors at Jackson Hospital recommended a transfer to Sparrow Hospital in Lansing for treatment, but that Defendant PHS refused to transfer him (*Id.* page 4b).  Plaintiff claims that while he was treated at Jackson Hospital, he continued to experience an accelerated heart rate between the dates of January 11, 2010 and January 22, 2010 (*Id.* page 4b).  Plaintiff further claims that once he was discharged from Jackson Hospital, he was to meet with a cardiologist within 30 days.  According to Plaintiff, he never met with the cardiologist, and his medical problems continued  (*Id*.)  Plaintiff alleges that he continued to suffer an accelerated heart beat in the months of April and May, 2010, and that he was denied proper medical care (*Id*.)

On May 3, 2011, Plaintiff attempted to file an Amended Complaint (Dkt. 42).  On May 13, 2011, Defendants moved for a more definite statement (Dkt. 47), because Plaintiff's proposed Amended Complaint improperly attempted to incorporate by reference certain allegations of the original Complaint and add new allegations.  On October 27, 2011, the Court granted (Dkt. 59) Defendants' motion for a more definite statement, and ordered Plaintiff to set forth all of his allegations against every Defendant in a single Amended Complaint within 28 days (*i.e.*, by November 28, 2011, due to the Thanksgiving holiday).  Plaintiff then sought a 60-day extension of this deadline (Dkt. 61), because he was released from prison and was attempting

to obtain counsel.[1]  The Court granted Plaintiff's request for an extension (Dkt. 64), and gave Plaintiff until January 9, 2012 to file his Amended Complaint.  The Order granting Plaintiff's request for an extension specifically stated: "No further extensions will be granted. Failure to comply with this order may result in sanctions up to and including dismissal of this action."  The Order granting Plaintiff's request for an extension was returned as undeliverable to the address provided by Plaintiff (Dkt. 65).  On February 8, 2012, Defendants filed the pending motion (Dkt. 66).  Plaintiff has not responded to Defendants' motion, filed any further notice of address change, or taken any action in this case since November 2011.

### III. ANALYSIS

Fed. R. Civ. P. 41(b) provides:

> **Involuntary Dismissal: Effect Thereof.** For failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant. Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Rule 41(b) also permits the Court to dismiss a case *sua sponte* under its inherent power: "The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Link v. Wabash R. Co.,* 370 U.S. 626, 629-630 (1962); *see*

---

[1] It appears that Plaintiff was paroled from prison on or about October 5, 2011. *See* http://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=162532 (last visited June 5, 2012).  On October 13, 2011, Plaintiff filed a notice of change of address (Dkt. 56) with the Court, indicating that his new address was 736 Worden S.E. , Grand Rapids, MI 49507

also *Knoll v. American Telephone & Telegraph Co.,* 176 F.3d 359, 363 (6th Cir. 1999). In the case of a *pro se* litigant, "the Court must take into consideration the difficulties an individual faces in bringing forward their case without the benefit of legal representation." *Bunting v. Hansen,* 2007 WL 1582236, *2 (E.D. Mich.2007). Nonetheless, because Defendants are entitled "to a fair and timely resolution of the litigation . . . *pro se* litigants are not to be accorded any special consideration when they fail to adhere to readily-comprehended court deadlines." *Id.*; *Jourdan v. Jabe,* 951 F.2d 108, 110 (6th Cir.1991).

Under *Knoll, supra,* a court should generally consider four factors in deciding whether to dismiss under Rule 41(b): "(1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered." Furthermore, E.D. Mich. LR 11.2 provides:

> Every attorney and every party not represented by an attorney must include his or her contact information consisting of his or her address, e-mail address, and telephone number on the first paper that person files in a case. If there is a change in the contact information, that person promptly must file and serve a notice with the new contact information. The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs.

Plaintiff updated his address with the Court twice (Dkts. 23, 56) so there is little doubt that Plaintiff is aware of the requirement to do so. Plaintiff has failed, however, to apprise the Court of his current valid address (mail is being returned as undeliverable), to file his Amended Complaint, to respond to Defendants' motion to dismiss or take any action in this case since November 2011. Simply put, Defendants should not be further prejudiced by Plaintiff's failure

to prosecute this case. Accordingly, Defendants' motion to dismiss should be granted and Plaintiff's case should be dismissed.

### IV.  CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that Defendants' motion to dismiss for failure to prosecute (Dkt. 66) be **GRANTED**, and that this case be **DISMISSED** for failure to prosecute.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *See Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length

unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

```
                              s/Mark A. Randon
                              MARK A. RANDON
                              UNITED STATES MAGISTRATE JUDGE
```
Dated: June 6, 2012

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served on the attorneys and/or parties of record by electronic means or U.S. Mail on June 6, 2012.

*s/Melody R. Miles*
*Case Manager to Magistrate Judge Mark A. Randon*